## Moore Chiropractic Center v. Aetna Casualty and Surety Company

*Gary C. Moore,* pro se.
*Robert C. Little,* for defendant.

ACKERMAN, *J.,* May 16, 1989 — The interesting question before the court is whether a chiropractor can directly sue a patient's automobile insurance carrier for payment of the patient's chiropractic bill for treatment rendered the patient as a result of an automobile accident. The patient, Sharon King, is not a party to this action. By a document entitled "assignment of right to payment and right of action" signed by Mrs. King, she specifically authorized plaintiff, Dr. Gary C. Moore, who practices as Moore Chiropractic Center, to take legal action against her insurance company to recover his outstanding chiropractic bill. The insurer, Aetna, has filed preliminary objections stating that Dr. Moore is not a third-party beneficiary to the contract between Aetna and Mrs. King, and, therefore, cannot bring this suit. Both parties cite *Ludmer v. Erie Insur-*

*ance Exchange,* 295 Pa. Super. 404, 441 A.2d 1295 (1982) in support of their respective positions.

In *Ludmer,* the Superior Court held that a doctor who rendered medical services to an insured as a result of an automobile accident did not have a right to pursue the insurer for payment as a third-party beneficiary of the insurance contract between the insurance company and the insured. In denying third-party beneficiary status to the doctor, the Superior Court pointed to the language of the insurance contract which showed that the insurance company's obligation ran directly to the insured. They found no language in the insurance contract implying that the carrier must pay benefits to third parties.

In this action, however, Dr. Moore is not relying on a third-party beneficiary theory. Rather, he is relying on Mrs. King's assignment to him of her right to pursue the claim against her insurance carrier.

Pennsylvania Rule of Civil Procedure 2002 provides that all actions shall be prosecuted by and in the name of the real party in interest. Under that rule, assignees are real parties in interest. 3 Standard Pennsylvania Practice at 103. Regarding the assignment of a claim by a patient, the *Ludmer* court observed:

"Where the service provider and his insured patient disagree about his right to reimbursement, the provider may proceed under section 106(f)(1) and obtain a judgment against the insured and then may garnish his claims for benefits due. *Or, of course, where the patient and provider agree, assignment of the claim is possible." Ludmer* at 407, 441 A.2d at 1297. (emphasis supplied)

I, therefore, conclude that through the assign-

ment of her claim, Mrs. King has given to Dr. Moore the status of a real party in interest, and he can rightfully pursue this claim.

Aetna also suggests that to permit Dr. Moore to pursue the action promotes champerty.

In *Belfonte v. Miller,* 212 Pa. Super. 508, 243 A.2d 150 (1968), the court outlined the three requisite elements of champerty as follows: (1) the party involved must have no legitimate interest in the suit; (2) he must expend his own money in prosecuting the suit; (3) he must be entitled by the bargain to share in the proceeds of the suit.

In the present case, Dr. Moore is seeking to recover monies for himself, and it can be inferred that he is expending his own money in prosecuting the claim; therefore, requirements (2) and (3) have been met. However, the first requirement, that the party involved must have no legitimate interest in the suit, is lacking. Plaintiff's complaint states that he rendered chiropractic care to Mrs. King as a result of an automobile accident and that his care is an allowable expense that her insurance carrier is obligated to pay. He points out that Aetna paid a portion of his charges but has wrongfully refused to pay the remainder. Dr. Moore is not a stranger to the subject matter of this suit, but, rather, as the health care provider, has a direct interest in the insured's claim. His pursuit of the claim on behalf of the insured through this assignment is not champerty.

## ORDER

And now, May 16, 1989, the preliminary objections of defendant are hereby dismissed.